The Honorable Henry M. Helgerson, Jr. State Representative, 86th District 4009 Hammond Dr. Wichita, Kansas 67218-1221
Dear Representative Helgerson:
As state representative for the eighty-sixth district, you request our opinion on K.S.A. 1994 Supp. 22a-231 and how that statute may apply to situations wherein there is a death of a person known to have a terminal condition, when that person is under regular care by a physician, and where a hospice is providing service to that person. You also note that a similar situation could arise in an institution such as a nursing home. The general issue is when, or if, a district coroner (or law enforcement) must be called when such a person dies.
You present five specific questions in relation to interpretation of K.S.A. 1994 Supp. 22a-231:
"1. When a terminally ill individual, who is under the regular care of a physician, dies from expected causes, what procedure must be followed?
"2. How would this change if Hospice was providing care?
"3. How would this change if a Do Not Resuscitate Order was in place?
"4. What role must law enforcement play when these conditions are met?
"5. How would any of these conditions change if the death occurred in a health care facility, such as a nursing home?"
K.S.A. 1994 Supp. 22a-231 provides:
 "When any person dies, or a human body is found dead in the state, and the death is suspected to have been the result of violence, caused by unlawful means or by suicide, or by casualty, or suddenly when the decedent was in apparent health, or when decedent was not regularly attended by a licensed physician, or in any suspicious or unusual manner, or when in police custody, or when in a jail or correctional institution, or in any circumstances specified under K.S.A. 1994 Supp. 22a-242, and amendments thereto, or when the determination of the cause of death is held to be in the public interest, the coroner or deputy coroner of the county in which the cause of death occurred, if known, or if not known, the coroner or deputy coroner of the county in which such dead body was found, shall be notified by the physician in attendance, by any law enforcement officer, by the embalmer, by any person who is or may in the future be required to notify the coroner or by any other person."
K.S.A. 1994 Supp. 22a-242 speaks to the death of a child, and will not be addressed in this opinion. However, we note that it also may apply if the deceased is a person less then 18 years of age.
K.S.A. 1994 Supp. 22a-231 requires certain persons to notify a district coroner if the death fits within one of the triggering circumstances. The list is fairly inclusive, but does not appear to extend to include each and every private citizen that may have knowledge of a death.
According to the plain language of the statute, as recognized inState v. Gordon, 219 Kan. 643, Syl. para. 6 (1976), and reiterated in Attorney General Opinions No. 85-61 and 92-138, the primary responsibility of a district coroner or deputy district coroner is to determine the cause of death of a person who diesfrom other than natural causes. With one exception not relevant for our purposes, the statute does not specifically address the location of a death as triggering the reporting requirements.
Rather, K.S.A. 1994 Supp. 22a-231 speaks to triggering circumstances. While not a model of clarity, the statute appears to list mandatory reporting circumstances to include any one or a combination of the following: When any person dies, or a human body is found dead in the state and the death is suspected to have occurred (1) as the result of violence caused by (a) unlawful means, or (b) suicide; (2) by casualty; (3) suddenly when the decedent was in apparent health; (4) when decedent was not regularly attended by a licensed physician; (5) in any suspicious or unusual manner; (6) when in police custody; (7) when in a jail or correctional institution; (8) in any circumstances specified under K.S.A. 1994 Supp. 22a-242, and amendments thereto; or (9) when the determination of the cause of death is held to be in the public interest.
The statute does not on its face dictate that all deaths of persons occurring in private homes (whether the person is under hospice care or not) or in nursing homes automatically be reported to a district coroner. Rather, one or more of the triggering circumstances must exist before there is a mandatory requirement that the death be reported to the district coroner.
We have been informed by counsel for the Sedgwick county district coroner that the county coroner currently has a policy whereby every death occurring outside of a hospital or nursing home setting is reported to the coroner and receives at least a cursory investigation to determine the circumstances and whether there exists any suspicious circumstances. It has been determined that such a policy is "in the public interest" and counsel for the district coroner notes that terminally ill patients can and do die from causes not associated with their illness. The Sedgwick county district coroner has determined that "[t]his includes even Hospice patients . . . although Hospice would rather not report these deaths (unless they observe something suspicious), it is believed that the public interest is protected by the balancing of these issues."
However, a July 5, 1995 letter to the Sedgwick county district coroner from Sedgwick county district attorney Nola Foulston states:
 "The issue then becomes whether the determination of the cause of death of a patient who has been diagnosed with a terminal condition, and who participates in the Hospice program, would be in the public interest. The Attorney General has opined that because the cause of death is known, because the patient has been under the care of a physician, and because the physician will sign the death certificate under these circumstances, the death would then be one of private interest abating the statutory reporting requirement. Having reached this conclusion, I concur with the determination of the Attorney General, and request that you initiate discussion with Hospice representatives to devise a satisfactory reporting system that does not require the intervention of law enforcement in this process."
We believe that the conditions noted by district attorney Foulston fairly state the requirements of the statute in question.
We realize that the "in the public interest" circumstance in K.S.A. 1994 Supp. 22a-231 is broad enough to include many deaths that do not fall under the other reportable categories. However, as noted in Harris Enterprises, Inc. v. City of Olathe,241 Kan. 59 (1987), public interest means something more then mere public curiosity. The determination of what is in the public interest must be made on a case-by-case basis by those individuals knowledgeable about the facts and circumstances. We do not believe that the district coroner has the authority to predetermine that all hospice care related deaths must be reported because all such deaths are in the public interest. This is especially true if such a predetermination has not been made for deaths of physician attended terminally ill patients occurring in similar situations such as those deaths occurring at homes without hospice care or otherwise outside of a hospital setting. There is no automatic duty to report all deaths to the district coroner in circumstances where the attending physician will sign the death certificate and that physician is satisfied that the cause of death does not meet any of the triggering circumstances of required reporting to the district coroner. Rather, such determinations must be made by those individuals required to report.
In answer to your five specific questions, it is our opinion that if a terminally ill individual, who is under the regular care of a physician, dies from expected causes, it is enough that the attending physician is called, is satisfied that the death was from the expected cause and signs the death certificate. In that situation, there is no absolute duty to contact the district coroner if the attending physician in question is satisfied that none of the triggering circumstances exist. The existence of hospice provided care or a "do not resuscitate order" would not necessarily alter this procedure. If by law enforcement you mean police or other criminal enforcement authorities or the district coroner, we believe that it is not necessary to call such authorities under K.S.A. 1994 Supp. 22a-231, unless one of the triggering circumstances exist. Finally, we do not believe any of these conditions are altered if the death occurs in a health care facility, such as a nursing home. Rather, each death must be examined on a case-by-case basis to determine if one of the triggering circumstances exists. If any entity or individual (whether charged with a reporting duty or not) is concerned about when to report a death, and especially if they have any concerns about the death, they may want to protect themselves from suspicions that may later arise by reporting the death to the district coroner.
In conclusion, it is not necessarily always in the public interest to report to the district coroner the death of a terminally ill patient who is regularly attend by a physician. Such a predetermination of public interest cannot be made by the district coroner, but rather each death and set of circumstances must be judged on a case-by-case basis by those entities and individuals charged with a reporting duty under K.S.A. 1994 Supp. 22a-231.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:bas